# Exhibit C

**MORGAN & MORGAN, PLLC**
**Eli S. Levine, Esquire**
elevine@forthepeople.com
Identification No. 309475
One Commerce Square
2005 Market Street, Suite 350
Philadelphia, PA 19103
445-201-8595 (Phone)
445-201-8695 (Fax)

**Attorney for Plaintiff**

Filed and Attested by the Office of Judicial Records 18 DEC 2025 09:56 am L. BREWINGTON

| | |
|---|---|
| **TERRI SCOTT**<br>1506 EAST DUVAL STREET<br>PHILADELPHIA, PA 19138<br>Plaintiff,<br>v.<br>**DOLLAR TREE**<br>1000 EASTON ROAD #205<br>WYNCOTE, PA 19095<br>&.<br>**DOLLAR TREE STORES, INC.**<br>500 VOLVO PARKWAY<br>CHESAPEAKE, VIRGINIA 23320<br>&.<br>**JOHN DOE 1-10**<br>Defendants. | PHILADELPHIA COUNTY<br>COURT OF COMMON PLEAS<br>CIVIL TRIAL DIVISION<br><br>No.<br><br>COMPLAINT |

**"NOTICE"**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defense or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET**

**"AVISO"**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objecciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos iportantes para usted.

**LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O**

**FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

Philadelphia Bar Association
LAWYER REFERRAL & INFO.
One Reading Center
Philadelphia, PA 19107
(215) 238-1701

**LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGA.**

Asociacion de Licenciados de Filadelfia
Servicio de Referencia e Informacion
One Reading Center
Philadelphia, PA 19107
(215) 238-1701

# CIVIL ACTION COMPLAINT

1. Plaintiff, Terri Scott, (hereinafter referred to as "the Plaintiff") is an adult individual, citizen, and resident of the Commonwealth of Pennsylvania, residing at the address listed in the caption of this Complaint.

2. Defendant, Dollar Tree, is a business operating under the laws of the Commonwealth of Pennsylvania, with an address listed in the caption of this Complaint, and which at all relevant times was the owner, operator, maintainer, possessor, lessor, lessee, and/or otherwise legally responsible for the care, control, and/or safety of the premises, in whole or in part, of the Dollar Tree located at 1000 Easton Road #205, Wyncote, PA 19095 (hereinafter preferred to as "the Premises").

3. Defendant, Dollar Tree Stores, Inc., is a business operating under the laws of the Commonwealth of Pennsylvania, with an address listed in the caption of this Complaint, and which at all relevant times was the owner, operator, maintainer, possessor, lessor, lessee, and/or otherwise legally responsible for the care, control, and/or safety of the Premises, in whole or in part.

4. Defendant Dollar Tree Stores, Inc., owned, operated, managed, controlled, and derived revenue from its thirty eight (38) stores located in Philadelphia County, five (5) of which are located at: 2116 S. Columbus Blvd., Philadelphia, PA 19148, 7350 Oxford Ave., Philadelphia, PA 19111, 8920 Frankford Ave., Philadelphia, PA 19136, 2100 Cottman Ave., Philadelphia, PA 19149, and 10101 Bustleton Ave., Philadelphia, PA 19116.

5. Pennsylvania's consent jurisdiction was found, by the U.S. Supreme Court not to be violative of any constitutional rights of a party who has voluntarily registered with the Commonwealth of Pennsylvania to conduct business within the Commonwealth. Mallory v.

Norfolk Southern Railway Company, 143 S.Ct. 2028 (2023).

6. Further, venue is proper in this Court because Defendant, Dollar Tree Stores, Inc., regularly and systematically conducts substantial and continuing business in Philadelphia County such that venue is proper herein. Pa. R.C.P. 2179(a)(2).

7. Defendant, John Doe 1-10 is a fictious individual and/or commercial entity whose identity and whereabouts are currently unknown to the Plaintiff despite good faith efforts to ascertain said information who at all relevant times was the owner, operator, maintainer, possessor, lessor, lessee, and/or otherwise legally responsible for the care, control, and/or safety of the Premises, in whole or in part.

8. At all times material hereto, the above identified defendants (hereinafter collectively referred to as the "Defendants") acted by and through its agents (actual, express, implied, apparent, ostensible, or otherwise), servants, employees, contractors, subcontractors, lessee's, franchisees, workmen, and/or other representatives for the care, control, and/or safety of the Premises in whole or in part.

9. On or about August 31, 2025, Plaintiff, Terri Scott, was an invitee, licensee, and/or otherwise legally on the Premises when, as a result of the negligence, carelessness, and/or recklessness of the Defendants, jointly and/or severally, and individually and/or by and through their respective agents, servants, employees, contractors, subcontractors, lessee's, franchisees, workmen, and/or other representatives, the Plaintiff was caused to slip and fall due to a dangerous and/or defective condition on the Premises including but not limited to liquid on the floor of the Premises.

10. As a direct and proximate result of Defendants negligent and/or careless and/or reckless conduct, jointly and/or severally, as described elsewhere in this Complaint, the

Plaintiff sustained the following serious and permanent personal injuries, serious impairment of body function, and/or permanent serious disfigurement, and/or aggravation of pre-existing conditions, including, but not limited to: lumbar disc injury with compression of the nerve roots necessitating lumbar laminectomy and lumbar fusion procedure and any other ills and injuries, all to the Plaintiff's great loss and detriment.

11. As a result of these injuries, all of which are to the Plaintiff's great financial detriment and loss, the Plaintiff has in the past, is presently and may in the future suffer great pain, anguish, sickness and agony and will continue to suffer for an indefinite amount of time.

12. As an additional result of the negligence, carelessness, and/or recklessness of the Defendants, jointly and/or severally, the Plaintiff has suffered emotional injuries along with the physical injuries suffered as well as expenses associated therewith; diminished quality of life; past and future inability to engage in activities of daily living; and past and future physical and emotional pain and suffering, mental anguish, humiliation, embarrassment, loss of life's pleasures, diminished ability to ambulate and to engage in activities of daily living, and emotional distress.

13. Furthermore, in addition to all the injuries and losses suffered, the Plaintiff has incurred and may in the future incur medical, rehabilitative, and other related expenses in the amount equal to and/or in excess of any applicable health insurance coverage for which the Plaintiff has not been reimbursed and upon which the Plaintiff makes a claim for payment in the present action.

14. As a further result of the injuries sustained, the Plaintiff has presently, and may in the future undergo a great loss of earnings and/or earning capacity, all to Plaintiff's further loss and detriment.

**COUNT I**

**Terri Scott v. Dollar Tree**

**Personal Injury**

15. Plaintiff incorporates herein the allegations set forth in the previous paragraphs, inclusive, as if set forth here at length.

16. The negligence, carelessness, and/or recklessness of Defendant, acting individually and/or by and through Defendant's agents, contractors, employees, franchisees, servants, and/or workmen consisted of the following:

a) failing to exercise proper care, custody and control over the Premises;
b) failing to inspect, maintain, and/or repair the Premises for dangerous conditions, such as liquid on the floor;
c) failing to undertake timely monitoring, inspections, and care of the Premises for dangerous conditions, such as liquid on the floor;
d) failing to prevent and/or remove a dangerous condition on the Premises;
e) creating and/or permitting to exist, and not warning about or eradicating, a dangerous and hazardous condition on the Premises, frequently in use by workers and open to invitees such as the Plaintiff;
f) ignoring a dangerous condition in an area of the Premises where invitees were known to travel;
g) failing to warn persons, such as Plaintiff, of the presence of dangerous and hazardous conditions on the Premises;
h) failing to provide signage and/or warnings indicating that a dangerous and hazardous condition existed on the Premises;
i) failing to remove the dangerous and hazardous condition from the Premises;
j) failing to implement and enforce policies and procedures for the inspection, removal, and maintenance of dangerous and hazardous condition on the Premises;
k) failure to train and/or supervise Defendant's agents, contractors, employees, franchisees, servants, and/or workmen in proper and/or adequate safety procedures;
l) failing to exercise reasonable care for the safety of the Plaintiff;
m) permitting and allowing persons, such as Plaintiff, to walk in, and about, the area of Plaintiff's fall when Defendant's knew, or should have known, of the dangerous and hazardous conditions which existed;
n) failing to discover a dangerous and hazardous condition which posed a significant risk of serious bodily injury to invitees upon the Premises;
o) failing to appreciate the likelihood that Plaintiff, other invitees, and/or members of the

public would traverse the Premises, but failing to remedy a dangerous and hazardous condition on the Premises despite having sufficient time to do so; and
p) disregarding a dangerous and hazardous condition on the Premises, including but not limited to liquid on the floor, which posed a significant risk of serious bodily injury to invitees, despite having knowledge of the same and having sufficient time to remedy the dangerous and hazardous condition.

**WHEREFORE**, Plaintiff, **Terri Scott**, demands judgment in their favor against Defendants, individually, jointly, and/or severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) together with all compensatory damages, punitive damages, lawful interest, fees, and costs, as well as other relief that this Court may deem just and proper.

**COUNT II**

**Terri Scott v. Dollar Tree Stores, Inc.**

**Personal Injury**

17. Plaintiff incorporates herein the allegations set forth in the previous paragraphs, inclusive, as if set forth here at length.

18. The negligence, carelessness, and/or recklessness of Defendant, acting individually and/or by and through Defendant's agents, contractors, employees, franchisees, servants, and/or workmen consisted of the following:

a) failing to exercise proper care, custody and control over the Premises;
b) failing to inspect, maintain, and/or repair the Premises for dangerous conditions, such as liquid on the floor;
c) failing to undertake timely monitoring, inspections, and care of the Premises for dangerous conditions, such as liquid on the floor;
d) failing to prevent and/or remove a dangerous condition on the Premises;
e) creating and/or permitting to exist, and not warning about or eradicating, a dangerous and hazardous condition on the Premises, frequently in use by workers and open to invitees such as the Plaintiff;
f) ignoring a dangerous condition in an area of the Premises where invitees were known to travel;
g) failing to warn persons, such as Plaintiff, of the presence of dangerous and hazardous conditions on the Premises;

h) failing to provide signage and/or warnings indicating that a dangerous and hazardous condition existed on the Premises;
i) failing to remove the dangerous and hazardous condition from the Premises;
j) failing to implement and enforce policies and procedures for the inspection, removal, and maintenance of dangerous and hazardous condition on the Premises;
k) failure to train and/or supervise Defendant's agents, contractors, employees, franchisees, servants, and/or workmen in proper and/or adequate safety procedures;
l) failing to exercise reasonable care for the safety of the Plaintiff;
m) permitting and allowing persons, such as Plaintiff, to walk in, and about, the area of Plaintiff's fall when Defendant's knew, or should have known, of the dangerous and hazardous conditions which existed;
n) failing to discover a dangerous and hazardous condition which posed a significant risk of serious bodily injury to invitees upon the Premises;
o) failing to appreciate the likelihood that Plaintiff, other invitees, and/or members of the public would traverse the Premises, but failing to remedy a dangerous and hazardous condition on the Premises despite having sufficient time to do so; and
p) disregarding a dangerous and hazardous condition on the Premises, including but not limited to liquid on the floor, which posed a significant risk of serious bodily injury to invitees, despite having knowledge of the same and having sufficient time to remedy the dangerous and hazardous condition.

**WHEREFORE**, Plaintiff, **Terri Scott**, demands judgment in their favor against Defendants, individually, jointly, and/or severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) together with all compensatory damages, punitive damages, lawful interest, fees, and costs, as well as other relief that this Court may deem just and proper.

**COUNT III**

**Terri Scott v. John Doe 1-10**

**Personal Injury**

19. Plaintiff incorporates herein the allegations set forth in the previous paragraphs, inclusive, as if set forth here at length.

20. The negligence, carelessness, and/or recklessness of Defendant, acting individually and/or by and through Defendant's agents, contractors, employees, franchisees, servants,

and/or workmen consisted of the following:

a) failing to exercise proper care, custody and control over the Premises;
b) failing to inspect, maintain, and/or repair the Premises for dangerous conditions, such as liquid on the floor;
c) failing to undertake timely monitoring, inspections, and care of the Premises for dangerous conditions, such as liquid on the floor;
d) failing to prevent and/or remove a dangerous condition on the Premises;
e) creating and/or permitting to exist, and not warning about or eradicating, a dangerous and hazardous condition on the Premises, frequently in use by workers and open to invitees such as the Plaintiff;
f) ignoring a dangerous condition in an area of the Premises where invitees were known to travel;
g) failing to warn persons, such as Plaintiff, of the presence of dangerous and hazardous conditions on the Premises;
h) failing to provide signage and/or warnings indicating that a dangerous and hazardous condition existed on the Premises;
i) failing to remove the dangerous and hazardous condition from the Premises;
j) failing to implement and enforce policies and procedures for the inspection, removal, and maintenance of dangerous and hazardous condition on the Premises;
k) failure to train and/or supervise Defendant's agents, contractors, employees, franchisees, servants, and/or workmen in proper and/or adequate safety procedures;
l) failing to exercise reasonable care for the safety of the Plaintiff;
m) permitting and allowing persons, such as Plaintiff, to walk in, and about, the area of Plaintiff's fall when Defendant's knew, or should have known, of the dangerous and hazardous conditions which existed;
n) failing to discover a dangerous and hazardous condition which posed a significant risk of serious bodily injury to invitees upon the Premises;
o) failing to appreciate the likelihood that Plaintiff, other invitees, and/or members of the public would traverse the Premises, but failing to remedy a dangerous and hazardous condition on the Premises despite having sufficient time to do so; and
p) disregarding a dangerous and hazardous condition on the Premises, including but not limited to liquid on the floor, which posed a significant risk of serious bodily injury to invitees, despite having knowledge of the same and having sufficient time to remedy the dangerous and hazardous condition.

**WHEREFORE**, Plaintiff, **Terri Scott**, demands judgment in their favor against Defendants, individually, jointly, and/or severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00) together with all compensatory damages, punitive damages, lawful interest,

fees, and costs, as well as other relief that this Court may deem just and proper.

**MORGAN & MORGAN, PLLC**

**s/ Eli S. Levine**

Dated: December 18, 2025 **By:** ______________________________

**ELI S. LEVINE, ESQUIRE**
**Attorney for Plaintiff**

Docusign Envelope ID: 51964730-DA0D-4FFA-8CFF-0916DCE6A46E


**VERIFICATION**

I, Terri Scott, hereby state that I am the Plaintiff, that I have reviewed the foregoing document, and that the facts contained therein are true and correct to the best of my knowledge, information, and belief. I understand that the statements made herein are made subject to penalties of 18 Pa.C.S. §4904 relating to unsworn falsifications to authorities.

12/18/2025 | 9:29 AM EST

**By:** ____________

**Terri Scott**